LOUIS LEHMAN and Others, Appellants, *v.* ADOLPH SCHAPIRA and Another, Copartners Doing Business as SCHAPIRA BROS., Respondents.

First Department, November 2, 1923.

**Sales — action for failure to deliver — damages — evidence — contracts of resale made by buyers incompetent on question of damages.**

In an action by buyers to recover damages for failure to deliver goods purchased under an alleged written contract, the existence of which is denied by the sellers, evidence as to contracts for the resale of the goods purporting to have been made by the buyer with third persons at least two months after the con-

tract sued upon was made, and at a time when the buyers knew the contract would not be performed, is incompetent on the question of damages, the measure of which is the difference between the contract price and the market or current price at the time and place of delivery, and inasmuch as the case is very close on the question of the existence of any contract, the admission of such evidence was so prejudicial as to justify the trial court in setting aside the verdict in favor of the plaintiffs and directing a new trial.

APPEAL by the plaintiffs, Louis Lehman and others, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1922, granting the defendants' motion, made upon the minutes, to set aside a verdict in favor of the plaintiffs, and directing a new trial.

*Lewis & Schaap* [*Herman M. Schaap* of counsel; *Julius Weiss* with him on the brief], for the appellants.

*Drechsler, Orenstein & Leff* [*Max Leff* of counsel; *David Drechsler* with him on the brief], for the respondents.

MARTIN, J.:

The action was brought to recover damages for failure to deliver furs in accordance with the terms of a written contract, the existence of which is denied by defendants.

The complaint alleges that on January 9, 1920, plaintiffs and defendants entered into an agreement for the sale by defendants to plaintiffs of " Weasels " to be shipped from China within two months from that date, and to be delivered to plaintiffs upon arrival in New York. Defendants on the trial produced evidence to support their contention that the parties did not enter into a contract, yet the jury rendered a verdict for plaintiffs.

During the course of the trial evidence was admitted which, in any event, would have warranted the setting aside of the verdict. The action was brought to recover damages because of an alleged breach of a contract for the sale of goods. The measure of damages to be applied in this case was the difference between the contract price and the market or current price at the time and place of delivery. To prove damages on that basis plaintiffs were permitted to show they had made contracts for the resale of the goods with third parties, and were permitted to place these contracts in evidence over defendants' objection and exception. The contracts purport to have been made with third parties at least two months after the contract sued upon was made and at a time when plaintiffs knew the contract would not be performed. This evidence was incompetent and very prejudicial to defendants.

At the trial there was a sharp conflict as to whether a contract had been made between the parties. Defendants admitted that

plaintiffs' representatives came to defendants' place of business and inquired with reference to the merchandise in question, securing terms from the defendants set forth in duplicate forms of contract. One of the defendants testified that plaintiffs' representative took with him the duplicate forms of contract, but did not sign them or make a deposit as provided by the terms thereof. Defendants assert that they withdrew their offer before plaintiffs accepted it.

In a case so closely litigated on the trial, the admission of erroneous evidence, such as the alleged contracts, required that the verdict be set aside.

The order should be affirmed, with costs.

Clarke, P. J., Dowling, Finch and McAvoy, JJ., concur.

Order affirmed, with costs and disbursements.